IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RAY SMITH,                          )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )   Case No. CIV-14-813-D
                                    )
MICHAEL POHL, *et al.*,             )
                                    )
    Defendants.                     )

**<u>O R D E R</u>**

Before the Court are motions to dismiss [Doc. Nos. 4 and 5] filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Michael Pohl ("Pohl") seeks a partial dismissal of the action against him, while Defendant Randy Hill ("Hill") seeks the dismissal of all claims. Although Plaintiff requested an extension of time to respond to the motions, no response has been filed within the deadline set by the Court. Pursuant to LCvR7.1(g), the Court may deem the motions confessed. For reasons discussed below, however, the Court elects to address the merits of the motions.

Plaintiff Ray Smart filed suit in state court to recover damages for breach of an oral agreement regarding the purchase of a horse. Hill allegedly made the agreement while acting as Pohl's agent. Plaintiff also asserted a conversion claim based on Defendants' alleged sale of the horse before Plaintiff had received all the promised consideration. Plaintiff's original pleading did not specify an amount of damages. Following the filing of an amended petition praying for damages in excess of $75,000.00, Pohl timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

The citizenship of Plaintiff and Hill are not diverse. Pohl alleged in the Notice of Removal that Plaintiff had fraudulently joined Hill in an effort to defeat removal and, thus, Hill's citizenship should be disregarded. Plaintiff has not challenged this allegation or sought remand of the case. Therefore, the case is properly before this Court only if it is an action solely between Plaintiff and Pohl.

By Plaintiff's failure to respond to Hill's motion, Plaintiff appears to concede that the claims asserted against Hill lack any merit. If Hill was fraudulently joined, however, and is disregarded as a party, then the Court has no jurisdiction to resolve the merits of Plaintiff's claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217-18 (10th Cir. 2006) (if district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice). Accordingly, the Court will grant Hill's request for dismissal, but the action against him will be dismissed without prejudice.

Pohl seeks dismissal of the conversion claim for the reason that the factual allegations of Plaintiff's pleading fail to support this theory of recovery. Because the amended petition states that possession and title to the horse were transferred to Pohl in accordance with the oral agreement, and does not allege that Plaintiff had any right to possess the horse, Plaintiff cannot establish an essential element of conversion. *See*, *e.g.*, *Aylesbury Mercantile Co. v. Fitch*, 99 P. 1089, 1095 (Okla. 1908) ("it is essential to the right of recovery that plaintiff have a right to immediate possession of the goods at the time of the alleged conversion").

Instead, the amended petition alleges merely that Plaintiff did not receive all the promised consideration, namely, two breedings and the first two embryos from the horse after its racing career ended. Pohl relies on the principles that a tort action for conversion cannot be brought to satisfy a debt and that there is no "cause of action for conversion of a contractual right." *See* Def. Pohl's Motion [Doc. No. 5] at 4-5.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, accepting Plaintiff's factual allegations as true, he cannot prevail on a conversion claim. "Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time." *Griffith v. McBride*, 108 P.2d 109 (Okla. 1940) (syllabus). The allegations of Plaintiff's pleading do not fit this legal theory, and no conversion claim is stated by the alleged facts. Further, because Plaintiff has not requested leave to amend his pleading, the Court finds that Plaintiff's conversion claim against Pohl should be dismissed with prejudice.[1]

IT IS THEREFORE ORDERED that Defendant Randy Hill's Motion to Dismiss [Doc. No. 4] and Defendant Michael Pohl's Motion to Dismiss [Doc. No. 5] are GRANTED, as set forth herein. The claims against Defendant Randy Hill are DISMISSED without

---

[1] No opportunity to amend is needed when amendment would be futile. *See Brereton v. Bountiful City Corp.* 434 F.3d 1213, 1219 (10th Cir. 2006).

prejudice. Plaintiff's conversion claim against Defendant Michael Pohl is DISMISSED with prejudice. The case shall proceed as a breach of contract action against Defendant Pohl only.

IT SO ORDERED this 24th day of September, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE