IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RAY SMITH, )
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　)
vs. ) Case No. CIV-14-813-D
　　　　　　　　　　　　　　　　　)
MICHAEL POHL, *et al.*, )
　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

**O R D E R**

Before the Court is Plaintiff's Motion to Vacate [Doc. No. 11], filed pursuant to Fed. R. Civ. P. 60(b). Plaintiff Ray Smith seeks relief from the Order of September 24, 2014, which dismissed all claims against Defendant Randy Hill ("Hill") without prejudice and dismissed Plaintiff's conversion claim against Defendant Michael Pohl ("Pohl") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Both defendants have timely opposed the Motion, and Plaintiff has filed a reply brief. Thus, the Motion is at issue.

Plaintiff's reliance on Rule 60 is misplaced because no judgment has been entered. In actuality, Plaintiff requests reconsideration of an interlocutory ruling. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007). However, a district court has inherent power to revise interlocutory orders at any time before the entry of a final judgment. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). The appropriate circumstances for seeking reconsideration of issues previously decided in a case are limited.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver*, 952 F.2d at 1243; *see also Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012).

The Court issued the September 24 Order over a week after Plaintiff failed to meet his deadline to oppose the motions to dismiss, which were filed August 8, 2014. Plaintiff had previously been granted an extension of time until September 15, 2014, to respond to the motions. The focus of the Motion to Vacate is an explanation of why Plaintiff did not file a timely response or request additional time to respond. Plaintiff's counsel states that his law office computer "crashed" on September 15 and he spent the following week attempting to repair it.[1] *See* Pl.'s Motion [Doc. No. 11], ¶¶ 2,4. Counsel states that the computer was not functional again until September 24, the same day the Order was issued. Somewhat inconsistent with this statement, Plaintiff's attorney states that he contacted opposing counsel via email on September 22, that Defendant's attorney agreed to extend Plaintiff's deadline to September 25, but that the Court issued its Order before Plaintiff's responses could be filed.

---

[1] No affidavit of counsel is presented; counsel's statements are simply alleged in the Motion and supporting brief. Pursuant to LCvR7.1(j), "[f]actual statements and documents appearing only in briefs shall not be deemed to be part of the record in the case, unless specifically permitted by the court." The Court exercises its discretion in this case to consider the statements of counsel in Plaintiff's brief.

2

Notably, as Defendants point out, Plaintiff did not file the instant Motion by the deadline to which Defendants had agreed. Also, the responses that Plaintiff proposes to file, which appear as attachments to his Motion, do not address the claims pled in Plaintiff's state court petition, which were the subject of the dismissal motions and the September 24 Order.[2] Plaintiff instead presents argument regarding new claims that he could potentially add in an amended complaint if he were permitted to amend his pleading.[3] Based on the allegations in his proposed amendment, Plaintiff argues that he has a potential fraud claim against Hill and a potential conversion claim against Pohl. The conversion claim asserted in Plaintiff's existing pleading (dismissed by the September 24 Order) was based on Pohl's alleged conversion of a horse that Plaintiff had sold to him. The conversion claim proposed to be added in its place would be based on an alleged conversion "of Plaintiff's property right to receive [two] embryos" from the horse in the future, according to the alleged sale agreement.

Upon consideration of Plaintiff's Motion, the Court finds insufficient reason to grant relief from the September 24 Order. Plaintiff does not allege any error in the Court's analysis or rulings on the issues presented for decision; he instead seeks to raise different issues based on new allegations and theories. Further, upon review of Plaintiff's proposed arguments, the Court finds that Plaintiff has failed to demonstrate that reconsideration of the September 24 rulings is needed to correct a clear error or prevent injustice.

---

[2] The Court did not deem the motions confessed but "elect[ed] to address the merits of the motions." *See* 9/24/14 Order [Doc. No. 10] at 1.

[3] Although a proposed Second Amended Complaint appears as an attachment to each putative response brief, Plaintiff has not filed a motion to amend his pleading, as required by Fed. R. Civ. P. 15(a)(2).

Plaintiff's claims against Hill were dismissed without prejudice based on Defendants' assertion that Hill had been fraudulently joined to defeat federal diversity jurisdiction. Plaintiff's silence in the face of Hill's motion for dismissal appeared to be a concession that the breach of contract and conversion claims asserted against Hill in Plaintiff's petition lacked merit. Plaintiff's current arguments and proposed amended pleading confirm that this conclusion is correct. Plaintiff does not seek to pursue his previously asserted claims against Hill but to change his theory of recovery. Based on Pohl's denial in his answer that the terms of sale for the horse included two future breedings and embryos, Plaintiff proposes to include in an amended pleading new alternative allegations that Hill exceeded his authority as Pohl's agent in promising the future breedings and embryos, and fraudulently induced Plaintiff to sell the horse to Pohl for inadequate consideration.

"To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Pohl took the latter approach in this case, asserting that Plaintiff's pleading "failed to state a cause of action against Mr. Hill." *See* Notice of Removal [Doc. No. 1], ¶ 22. "The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . ." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964); *see also Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 795 (10th Cir. 2013) (affirming finding of fraudulent joinder of defendant against whom "the complaint fails to state a colorable cause of action"). Although a district

4

court assessing an allegation of fraudulent joinder may look outside the pleadings, "[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). This rule is consistent with case law holding that "'the propriety of removal is judged on the complaint as it stands at the time of the removal,'" *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991)); and that events subsequent to removal cannot defeat jurisdiction once it has attached. *See*, *e.g.*, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

Specifically under the circumstances of this case, the Court finds that Plaintiff's newly asserted theory of recovery against Hill should be disregarded because it is based on facts that post-date Plaintiff's state court filings. Plaintiff did not know when he filed suit that Pohl denied the contract provided for future breedings and embryos, and so Plaintiff could not have based his decision to join Hill as a defendant on this fact. Plaintiff should not be allowed to use information learned after removal to avoid a finding of fraudulent joinder.

Plaintiff's conversion claim against Pohl was dismissed with prejudice based on findings that Plaintiff's petition failed to state a claim on which relief could be granted and, under the facts alleged by Plaintiff, any effort to amend his pleading would be futile. Plaintiff's proposed response brief and proposed amendment of the conversion claim confirms the correctness of the Court's ruling. Oklahoma law is clear that "only *tangible*

5

personal property may be converted." *See Welty v. Martinaire of Oklahoma, Inc.*, 867 P.2d 1273, 1275 (Okla. 1994) (emphasis in original); *see also Shebester v. Triple Crown Insurers*, 826 P.2d 603, 608 (Okla. 1992). The property that is the subject of Plaintiff's proposed amendment – his alleged right to receive future embryos – is not tangible personal property. Thus, he cannot bring a conversion claim based on the alleged deprivation of that right.

For these reasons, the Court finds that Plaintiff's Motion to Vacate should be denied. The Court adheres to its September 24 ruling: "The case shall proceed as a breach of contract action against Defendant Pohl only." *See* 9/24/14 Order [Doc. No. 10] at 4.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate [Doc. No. 11] is DENIED.

IT SO ORDERED this 8th day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE